| .MARION F. EDWARDS, Judge.
Appellants Sylvannus G. Reese and Lola Reese appeal a summary judgment granted in favor of appellee Liberty Mutual Insurance Company. For the following reasons, we affirm.
The present matter arises out of the litigation Paula Francis v. Sylvanus Reese and Liberty Mutual Insurance Co., filed in the Civil District Court for the Parish of Orleans. In that ease, Paula and John Francis sued Reese and his insurer, Liberty Mutual, after an auto accident which occurred on September 24, 1999. Reese’s policy with Liberty Mutual carried limits of $250,000.00. Victor Dubuclet, of the law firm Borrello & Dubuclet, was retained to represent Liberty Mutual and Reese.
During the litigation, Reese obtained separate counsel and filed a cross-claim against Liberty Mutual, alleging that the Francis plaintiffs intended to seek a judgment against him beyond the policy limits. The cross-claim also alleged that Francis made a written offer to settle all claims for the policy limits, and that|sLiberty Mutual did not respond to the offer. Reese made a claim under La. R.S. 22:1220, as well as for negligence under La. Civil Code art. 2315, “due to the breach of Liberty Mutual Insurance Company’s duty to adjust the claims herein fairly and promptly and to make reasonable effort to settle with Paul K. Francis wife of/and John Francis, Jr.” Reese prayed for indemnification of any judgment in the Francis action in excess of his policy limits, as well as all damages provided for in R.S. 22:1220, mental anguish, and for all general and equitable relief.
Liberty Mutual filed an exception of prematurity, arguing that damages on the cross-claim would not accrue until and unless Reese sustained damages in the form of an excess judgment. The exception was sustained by the trial court, and the cross-claim was dismissed without prejudice.
Both. Mr. and Mrs. Reese filed the instant suit in Jefferson Parish shortly after the dismissal of the cross-claim, and before the trial of the original Francis suit. The claims therein, as in the cross-claim, also dealt with the exposure of Reese to a possible excess judgment. In this suit against Dubuclet, Borrello & Huber, and *983 Liberty Mutual, the Reeses averred that they were not advised that they were exposed to a “very substantial” excess judgment, and that Liberty Mutual had paid its policy limits to Francis without obtaining a release on their behalf. Damages were sought for all losses in payment of excess judgment; emotional distress, anxiety and pain caused by the alleged malpractice; “consequential” damages; damages under La. R.S. 22:658 and La. R.S. 22:1220; and general and equitable relief. Liberty Mutual was sued'as the professional liability insurer of Dubuclet and his firm, as well as in its capacity as his employer.
In response to exceptions filed by Liberty Mutual, a consent judgment dismissed the claims against it as the professional liability insurer of Dubuclet and Borrello & Dubuclet. Exceptions of Res Judica-ta/Issue Preclusion and Prematurity also filed by Liberty Mutual were stayed until the conclusion of the Francis trial.
|4In the Francis litigation in Orleans Parish, Liberty Mutual was dismissed after tendering the policy limits plus interest. The Francis case was tried to a jury in July 2002, following which the jury awarded the plaintiffs $60,451.00. The judgment resulting from that trial stated that because Liberty Mutual had tendered its policy limits, and the amount of the verdict was less than that payment, the Francis’ suit against the Reeses was dismissed.
After the Francis judgment became final, Liberty Mutual, Dubuclet, and Borrel-lo & Dubuclet filed a Motion for Summary Judgment in the 24th Judicial District Court, alleging that the Reeses could not establish the elements necessary to prove their claims, since there was no excess judgment. In April 2003, the Reeses moved to dismiss their claims without prejudice, reserving their rights against Liberty Mutual “in all other actions pending or which may be brought,” The court granted the voluntary dismissal on April 24th. On April 25th, Liberty Mutual filed a motion to set the matter for hearing, opposing a dismissal without prejudice. Subsequently, Dubuclet, his law firm, and Liberty Mutual filed a Motion for New Trial with respect to the dismissal without prejudice. In that motion, it was alleged that another suit, based on the same transaction and same damages, had been filed by the Rees-es against Liberty Mutual in the 22nd Judicial District Court in February 2003, and that the Reeses were forum shopping.
The court granted the Motion for New Trial, and the Motion for Summary Judgment filed earlier by Liberty Mutual, Du-buclet, and Borrello & Dubuclet, was set for hearing. On the record, the Reeses did not oppose summary judgment as against Dubuclet and the law firm, or against Liberty Mutual as Dubuclet’s employer. Further, it was again acknowledged that Liberty was not the liability insurer of Dubuclet. After the hearing, the court granted the motion and dismissed all claims with prejudice. From this judgment the Reeses have appealed.
|RThe narrow issue before this court is whether summary judgment is appropriate in the present case on the record before us. Appellate courts are to review summary judgments de novo, under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1]
The appellate record' reveals that the Reeses agreed to dismiss all parties, in all capacities in which they were sued, in the matter before the 24th Judicial District Court. A reading of the petition reveals that the only capacity in which Liberty *984 Mutual was made a party was as liability insurer and employer of Dubuclet and his law firm. The transcript evidences that claims in these capacities were dismissed by the Reeses. Therefore, Liberty Mutual was entitled to summary judgment in its favor, there being no further causes of action alleged against it in the action before us.
The judgment on appeal is affirmed. All costs of this appeal are taxed to the Reeses.
AFFIRMED.

. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991).